**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

JEFFREY BERGER,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Colorado municipal corporation
ROBERT WHITE, Former Chief of Police, Denver Police Department, in his individual and official capacity,
DAVID QUIÑONES, Former Deputy Chief, Denver Police Department, in his individual and official capacity,

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff Jeffrey Berger ("Plaintiff"), by and through his legal counsel, Jeremiah J. Boies and Carrie L. Slinkard of Bruno, Colin, & Lowe, P.C., and hereby submits his Complaint and Jury Demand. Plaintiff alleges the following:

**INTRODUCTION**

1. Plaintiff Jeffrey Berger is a long-term and outstanding police officer for the Denver Police Department. Officer Berger tested with the Denver Civil Service Commission for a promotion to the rank of Sergeant, and was placed on the promotional list as the 22nd name out of 61 eligible officers, based on test scores. Denver Police Department has a pattern and practice of practice of promoting for available positions based on numerical rank. Officer Berger's wife, Angela Simon, a former officer for the Denver Police Department, had been terminated over a dispute involving time she took away from work, resulting in a Civil Service Appeal, then filed a

lawsuit over violations of Mrs. Simon's rights under the Family Medical Leave Act (FMLA). Officer Berger is a witness to Mrs. Simon's case.

2.      By September, 2016, all officers below Officer Berger had been promoted, leaving him next on the promotional list. This was about the same time Mrs. Simon's lawsuit was filed and it became known there was litigation over Mrs. Simon's FMLA claim. Defendants immediately began retaliating against Officer Berger by alleging he was not fit to be promoted using arbitrary reasons, then ultimately passed him over for promotion. Arising from these facts, the Plaintiff alleges claims for relief for violation of the First Amendment pursuant to 42 U.S.C. §1983, and 29 U.S.C. § 2615.

## PARTIES

3.      The Plaintiff is an individual and was a resident of Colorado at all times relevant to this complaint.

4.      The Defendant City and County of Denver, herein referred to as "Denver," is a municipal corporation and body politic located within the State of Colorado, with administrative offices located in the City and County of Denver, Colorado.

5.      Defendant White is a resident of the State of Colorado, and acted pursuant to the color of law and as a final decision maker for the Denver Police Department. At all times pertinent to this complaint, Defendant White was the Chief of Police for the Denver Police Department.

6.      Defendant Quiñones is a resident of the State of Colorado, and acted pursuant to the color of law and as a final decision maker for the Denver Police Department. At all times pertinent to this complaint, Defendant Quiñones was the Deputy Chief for the Denver Police Department.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States, 42 U.S.C. § 1983, and 29 U.S.C. § 2615. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting Plaintiff's claim for attorney's fees is conferred by 42 U.S.C. § 1988.

8. Venue in the United States District Court for the District of Colorado is proper in that the action complained of took place in the State of Colorado, City and County of Denver, and all the parties, upon information and belief, are residents of the state.

## GENERAL ALLEGATIONS[1]

9. Officer Berger has been a law enforcement officer with the Denver Police Department since 1998.

10. During his tenure with the Denver Police Department, Officer Berger received the Distinguished Service Cross, Superior Tactics Star, Life Saving Award and two (2) letters of Commendation. In short, Officer Berger is a highly decorated officer with a history of outstanding performance reviews.

11. Based on his successful career in Denver, Officer Berger tested for the position of Sergeant in 2015. The testing revealed that Officer Berger was twenty-two (22) overall of the sixty-one (61) accepted applicants from a list of approximately 200.

12. In September, 2016, after everyone below Officer Berger on the promotional list had been promoted, Officer Berger was identified as the number one candidate on the Sergeant list, and based on the pattern and practice of the Denver Police Department, was next to be promoted to the rank of Sergeant.

---

[1] Upon information and belief.

13. Officer Berger is married to Angela Simon. They have been married since 2012.

14. Mrs. Simon was a Denver Police Officer until October, 2014. Mrs. Simon was terminated from Denver Police Department in 2014, which termination resulted in Mrs. Simon filing a lawsuit against the City and County of Denver and the Denver Police Department.

15. In October, 2015, Mrs. Simon filed a wrongful termination and retaliation complaint against the Denver Police Department with the United States Department of Labor Wage and Hourly Division. The Denver Police Department was served with the complaint in early 2016. Mrs. Simon's complaint alleges that the command structure at the Denver Police Department retaliated against her for invoking her rights under the Family Medical Leave Act (FMLA).

16. On September 6, 2016, Mrs. Simon filed a complaint in Denver District Court for a violation of her fights under the Family Medical Leave Act (FMLA). On September 9, 2016, and while acting in a civilian capacity, Mrs. Simon attended a meeting with Commander Ronald Saunier and Lieutenant Robert Wycoff. Lieutenant Wycoff is an executive officer reporting directly to Chief White. During this meeting with Commander Saunier and Lieutenant Wycoff, Mrs. Simon briefly discussed that Officer Berger was on the Sergeant list. Approximately five (5) hours after Mrs. Simon's meeting, Officer Berger was required to attend a meeting with Commander Saunier. In that meeting, Commander Saunier advised Officer Berger that he was being removed as acting Sergeant. The stated reason for the demotion was that Officer Berger's "Class 2," or self-initiated arrest statistics, are too low. Commander Saunier told Officer Berger that this order came from above him, implying that it came from headquarters, at the level of Deputy Chief or Chief.

17. Mrs. Simon's lawsuit asserts the followings claims for relief against the City and County of Denver and the Denver Police Department: (1) Interference with Family Medical Leave

Rights; (2) retaliation for exercise of Family Medical Leave Rights; (3) breach of employment contract; and (4) promissory estoppel.

18. On November 22, 2016, Mrs. Simon served the City and County of Denver and the Denver Police Department with her State lawsuit.

19. Mrs. Simon's lawsuit was removed to the United States District Court for the District of Colorado on December 16, 2016. Mrs. Simon's lawsuit is currently pending in the United States District Court for the District of Colorado under case 16-cv-03116-RPM.

20. After being told his self-initiated activity statistics were too low, Officer Berger undertook to raise these statistics. By the end of 2016, Officer Berger had the highest self-initiated activity statistic in his detail.

21. In November and December, 2016, Officer Berger was sent to the Denver Police Department's "Sergeant's School," an 80 hour training course taught by the Denver Police Department, and required for every officer that has been or is about to be promoted to the rank of Sergeant.

22. On January 15, 2017, Officer Berger received his annual evaluation for his performance in 2016. He received the highest classification given to Denver police officers, "Distinguished Performance." He was not counseled about his self-initiated statistics in this performance review, nor has he ever received any warning or counseling about his statistics at any point in his career. Officer Berger was commended for taking on additional supervisory responsibility in anticipation of his promotion and referred to him as an asset.

23. In February, 2017, the Denver Police Department announced another promotional ceremony for the following month. It was well known to Officer Berger's colleagues that he was the next officer to be promoted to Sergeant.

24. On March 4, 2017, Officer Berger was called for a meeting with Commander Ronald Saunier. In attendance at the March 4th meeting was Officer Berger, Commander Saunier and Deputy Chief Quiñones. Deputy Chief Quiñones advised Officer Berger that he would not be promoted at the upcoming promotion ceremony which was scheduled for March 17, 2017. Despite the fact that Officer Berger was still number one on the Sergeant list and that his stats were within the guidelines for the Denver Police Department, Deputy Chief Quiñones told Officer Berger that: "while your stats have improved I don't know which Officer I'm going to get if I promote".

25. Officer Berger is the first person within the Denver Police Department that has been passed over for promotion at the Sergeant level that did not have any pending disciplinary action. Since 2007, only one other police officer had been passed over for promotion, and it known that officer had significant disciplinary problems. No other officers have been passed over in the 10 years between 2007 and 2017, other than Officer Berger and the officer with significant disciplinary problems.

26. There is no mention of statistics in the Denver Civil Service eligibility for Sergeant nor has Officer Berger received any training concerning statistics. Moreover, Mrs. Simon's Federal law suit against the Denver Police Department had been pending for approximately four (4) months at the time Officer Berger was summarily rejected from being promoted.

27. Officer Berger was identified as the only witness for Mrs. Simons in her pending federal lawsuit, and he was revealed as a witness with discoverable information in Mrs. Simon's lawsuit in January, 2017, approximately three months prior to being denied promotion.

28. Deputy Chief Quiñones and Chief White were aware that Officer Berger was married to Mrs. Simon, and is a witness likely to provide testimony in Mrs. Simon's action, and that Mrs. Simon had a pending action against the Denver Police Department and Denver.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 FIRST AMENDMENT VIOLATION**
**All Defendants**

29. Plaintiff hereby incorporates paragraphs 1 through 29 above though fully set forth herein.

30. Plaintiff is exercising his First Amendment rights by participating in a Federal lawsuit and providing testimony.

31. Defendants intentionally and willfully retaliated against Plaintiff for exercising First Amendment freedoms in an effort to chill his free speech rights.

32. Deputy Chief Quiñones and Chief White's actions were taken under the color of state law. As final decision makers for the Denver Police Department, their actions constitute an official custom, policy, or practice. Their conduct was willful and wanton and engaged in maliciously or with reckless disregard or callous indifference to Plaintiff's protected rights.

33. Deputy Chief Quiñones and Chief White's conduct violated the clearly established rights of Plaintiff which reasonable persons in Defendants' positions should have known.

34. The aforementioned conduct represented the official custom, policy, or practice of the City and County of Denver.

35. Because of the Defendants' conduct, Officer Berger has been denied a promotion that has caused significant injuries, including loss of wages (future and past), loss of job, loss of benefits, loss of seniority, emotional pain and distress, suffering, humiliation, mental anguish, and loss of enjoyment of life.

**SECOND CLAIM FOR RELIEF**
**29 U.S.C. § 2615(b)(3) UNLAWFUL DISCRIMINATION AGAINST A TESTIMONIAL WITNESS IN LITIGATION FOR A RIGHT UNDER THE FAMILY MEDICAL LEAVE ACT**
**All Defendants**

7

36. Plaintiff hereby incorporates paragraphs 1 through 35 above though fully set forth herein.

37. 29 U.S.C. § 2615 prohibits employers from discharging or in any other manner discriminating against anyone because they have testified or will testify in any inquiry or proceeding relating to any right under the FMLA.

38. Defendants retaliated and discriminated against Plaintiff for participating and providing future testimony in Mrs. Simon's claims under the FMLA by willfully and maliciously passing him over for a promotion, clearly deviating from pattern and practice.

39. 29 U.S.C. § 2617 provides employees a cause of action and places liability on employers for violation of 29 U.S.C. § 2615. This statute provides for damages in the amount of lost wages, or other compensation, due to the violation, along with interest. The statute allows for additional liquidated damages equal to lost wages, compensation, and interest when there was no good faith reason for the employer to have violated the FMLA.

40. There is no good faith reason for the Defendants' violations.

41. Further, 29 U.S.C. § 2617 allows the court to grant equitable relief to include employment, reinstatement, and promotion.

42. Because of the Defendants' conduct, Officer Berger has been denied a promotion that has caused significant injuries, including loss of wages (future and past), loss of job, loss of benefits, loss of seniority, emotional pain and distress, suffering, humiliation, mental anguish, and loss of enjoyment of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant and grant:

a. Appropriate declaratory and/or equitable relief;

b. Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering allowed by law in an amount to be determined at trial;

c. All economic losses allowed by law;

d. Attorney's fees and the costs associated with this action;

e. Pre- and post-judgment interest at the lawful rate;

f. Any further relief that this court deems just and proper, and any other relief as allowed by law.

## JURY DEMAND

Plaintiff hereby demands that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

Dated this 19th day of July, 2018.

*s/Jeremiah J. Boies*_____
Jeremiah J. Boies
Carrie L. Slinkard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO  80202
Telephone: 303-831-1099
Facsimile: 303-831-1088
jboies@brunolawyers.com
cslinkard@brunolawyers.com
*Attorneys for Plaintiff Jeffrey Berger*